UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD M. HUGHES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　Defendant. | Case No.  EDCV 04-0418-JTL<br><br>ORDER AWARDING ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. § 406(b) |

**BACKGROUND**

On April 9, 2004, Harold M. Hughes ("plaintiff") filed a Complaint seeking review of the denial of his application for supplemental security insurance benefits.  On June 2, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  On November 17, 2004 the parties lodged a stipulation for order of remand with the Court and, on November 18, 2004, the Court entered into an Order and Judgment consistent with the parties stipulation remanding the matter to the Commission of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).  On December 28, 2004 the Court awarded fees under the Equal Access to Justice Act ("EAJA") to plaintiff's counsel in the amount of $1,988.25.

///

///

In the April 3, 2006 decision following the second Administrative Law Judge ("ALJ") hearing, the ALJ found that plaintiff was entitled to supplemental security insurance benefits. Thereafter, on May 19, 2006, the Commissioner sent plaintiff a Notice of Award which provided for $43,141.58 in past-due benefits.

On October 5, 2007, plaintiff filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). In his Motion, plaintiff requests fees in the amount of $10,785.40[1] pursuant to the provision set forth in his contingent-fee contract with counsel. (Motion at 4; Exh. 1). The requested fee is based on 9.0 hours of attorney time and 5.5 hours of paralegal time for representation before the district court. (Motion at 7, Exh. 5).

On October 29, 2007, defendant filed a Response to Plaintiff's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b). In the Response, defendant noted that a fee award $10,785.40 is 25 percent of the total past-due benefits awarded to plaintiff. (Response at 1-2). In addition, defendant noted that because plaintiff's attorney already received $5,300.00 in administrative fees, plaintiff is really seeking a fee award of $5,485.40 ($10,785.40 less $5,300.00 paid in administrative fees.) (Response at 2). Defendant notes that such an award represents an hourly rate of roughly $377.89 for plaintiff's counsel and $378.99 for paralegal work, or calculated another way, an hourly rate of roughly $517.83 for plaintiff's counsel and $150.00 for paralegal work in connection with the representation of plaintiff before the district court. (Response at 8). Plaintiff did not file a reply to defendant's Response.

///
///
///
///
///

---

[1] Plaintiff notes that his counsel has already been awarded $5,300.00 in administrative fees and $1,988.25 in fees under the EAJA. Plaintiff recommends that the Court subtract the administrative fees paid to counsel from his fee request and direct his counsel, Bill LaTour, to directly reimburse plaintiff in the amount of $1,988.25 to offset the attorney fee award that the Commissioner has paid to his counsel under the EAJA. (Motion at 4-5).

**DISCUSSION**

Congress authorized payment of a reasonable fee for representation of a successful social security claimant. 46 U.S.C. § 406(b). A "reasonable fee" cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgement. 46 U.S.C. § 406(b)(1)(A). This fee provision is not intended to displace contingent fee agreements as a means to set fees for representation of social security benefit claimants. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Nor does it imply that all contingent fee agreements that provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se. Gisbrecht, 535 U.S. at 807. Instead, in order to recover fees under Section 406(b), an attorney for a successful claimant must show that the fee sought is within the 25 percent boundary, and that the fee sought is reasonable for the services rendered in the course of his or her representation. Id.

Accordingly, even when a contingent fee falls within the 25 percent boundary, the court may reduce the fee if the court finds it unreasonable. Id. In order to determine whether a fee is reasonable, courts have considered the attorney's recovery based on the character of the representation and the results the representation achieved. Id. at 808. For example, if the attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. Similarly, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to avoid a windfall for the attorney. Id.; see Ellick v. Barnhart, 445 F. Supp 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex."). If the contingent fee is found to be unreasonable, the court must adjust the attorney's recovery accordingly. Gisbrecht, 535 U.S. at 808.

Here, the ALJ found that plaintiff was entitled to supplemental security income benefits and the Commissioner awarded plaintiff $43,141.58 in past-due benefits. (Motion at 4, Exh. 4). Because plaintiff is a successful social security claimant, plaintiff's counsel may be awarded a reasonable fee under Section 406(b).

On March 11, 2004, plaintiff entered into a contingent fee agreement with his attorney. (Motion, Exh. 1). Under the terms of the contingent fee agreement, plaintiff agreed that counsel would receive 25 percent of the past-due benefits awarded if counsel is successful in obtaining an award of benefits through federal court review of his application for supplemental security income benefits. (Id.). Thus, the contingent fee agreement provides for a fee that falls within the acceptable range provided by Section 406(b). In addition, there is no basis to find, and none is alleged, that the contingent fee agreement itself is invalid based on fraud or other grounds.

Upon finding a valid contingent fee agreement between a successful social security claimant and his attorney, the court must determine whether the contingent fee is reasonable for the services rendered. Gisbrecht, 535 U.S. at 807. As noted in defendant's Response, if plaintiff's counsel receives an award of $5,485.40, counsel will be compensated a rate of roughly $377.89 for the 9.0 hours billed in connection with the representation of plaintiff before the district court and an hourly rate of roughly $378.99 for 5.5 hours of paralegal work, or calculated another way, an hourly rate of roughly $517.89 for plaintiff's counsel and $150.00 for paralegal work in connection with the representation of plaintiff before the district court. (Response at 8).

To assess the reasonableness of counsel's fee pursuant to the terms of the contingent-fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel spent working on the case before the district court. See Gisbrecht, 535 U.S. at 808-09. After considering the reasonableness of the fee requested in light of the particular circumstances of this case, including the risks associated with representation of numerous social security claimants on a contingent-fee basis, the Court finds that $5,485.40 for 9.0 hours of work by plaintiff's counsel and 5.5 hours of paralegal work for representation before the district court is reasonable.

///
///
///

4

**CONCLUSION**

Based upon the foregoing, plaintiff's motion for attorney fees is GRANTED.  Fees under Section 406(b) are awarded in the gross amount of $5,485.40, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits.  Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $1,988.25 to offset the attorney fee award that the Commissioner has already paid to counsel under the EAJA.

DATED:  January 7, 2008

                                              /s/
                            JENNIFER T. LUM
                            UNITED STATES MAGISTRATE JUDGE